UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
DR. GERALD FINKEL, as Chairman of the Joint
Industry Board of the Electrical Industry,

                 Plaintiff,

                 -against-

FRANK TORRONE & SONS, INC. d/b/a
TORRONE SIGNS,

                 Defendant.
---------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

12 Civ. 0924 (BMC)

**COGAN**, District Judge.

Before me is plaintiff's motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff, a fiduciary of various employee benefit plans, brought this action against Frank Torrone & Sons, Inc. ("Torrone") for relief pursuant to Sections 404, 409, 502, and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1104, 1109, 1132, and 1145, and to collect other sums due to the plans pursuant to § 301 of the Labor Management Relations Act. Plaintiff alleges that Torrone has failed to make contributions to the plans in violation of ERISA and a collective bargaining agreement between Torrone and Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO.

Plaintiff commenced this action by filing a Complaint and Summons, serving Torrone with a copy on March 2, 2012. Plaintiff filed proof of service with the Court on March 16, 2012. Torrone has not answered or otherwise appeared in this action, and the time to do so has expired.

On April 17, 2012, the Clerk of the Court entered default against Torrone pursuant to Fed. R. Civ. P. 55.

## DISCUSSION

In light of Torrone's default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Rule 55(b)(2) provides that when granting a default judgment, a court may conduct a hearing if it is necessary to "determine the amount of damages" or to "establish the truth of any allegation by evidence." According to the Second Circuit, however, it is not necessary to conduct a hearing if a district court has "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks omitted).

In support of the motion for default judgment, plaintiff submitted the declarations of attorneys Christina A. Sessa and Michael S. Adler. These declarations exhibit a copy of the collective bargaining agreement; a copy of the trust agreement governing each of the funds to which Torrone is obligated to contribute under the collective bargaining agreement; computer records indicating Torrone's history of contributions; spreadsheets summarizing the unpaid contributions; payroll records; and documentation supporting plaintiffs' request for costs and attorneys' fees, such as invoices and contemporaneous time records.[1]

---

[1] The Court notes that the rates charged by the associate and paralegal who worked on this case -- $250 per hour and $90 per hour, respectively -- are within the range of rates deemed to be reasonable for an ERISA action in this

2

I find these submissions to be sufficient evidence to form the basis for an award of damages against Torrone in a total amount of $12,620.67. This represents damages for the categories provided in §1132(g)(2) of ERISA as follows:

(a) $6,800.78 in unpaid contributions;
(b) $131.72 in interest on the unpaid and late-paid contributions;
(c) $2,437.56 in liquidated damages; and
(d) $3,250.60 in attorneys' fees and costs.

## CONCLUSION

The motion for a default judgment is granted. The Clerk is directed to enter judgment in the amount of $12,620.67 plus $0.62 per diem interest starting from April 18, 2012 to the date of entry of judgment.

**SO ORDERED.**

s/ BMC

U.S.D.J.

Dated: Brooklyn, New York
April 20, 2012

---

district. See, e.g., Delucia v. Gateway, No. 10-CV-5705, 2011 WL 3511098, at *6 (E.D.N.Y. July 6, 2011) (approving an hourly rate of $250 for senior associate in an ERISA action); Ferrara v. PI Trucking Corp., No. 11-CV-0661, 2011 WL 7091562, at *4 (E.D.N.Y. Dec. 20, 2011), report and recommendation adopted by 2012 WL 21341 (E.D.N.Y. Jan. 24, 2012) (approving an hourly rate of $90 for paralegal work in an ERISA action). Furthermore, the number of hours expended on this case – 6.4 hours of attorney time and 13.4 hours of paralegal time – is reasonable for an ERISA default of this nature. See, e.g., Lanzafame v. A.B.M. Contracting Servs. Corp., No. 09-CV-4710, 2010 WL 3924670, at *5 (E.D.N.Y. Sept. 7, 2010), report and recommendation adopted by 2010 WL 3924670 (E.D.N.Y. Sept. 29, 2010) (holding that 57.9 hours spent on an ERISA default action was reasonable).